**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MOHAMMED SAYEED MAHMOOD,

                Plaintiff,

- v -                                 1:21-CV-782
                                                 (MAD/DJS)
U.S. DEPARTMENT OF HOMELAND SECURITY,

                Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

MOHAMMED SAYEED MAHMOOD
Plaintiff, *Pro Se*
Hyderabad, Telangana 500008
India

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff filed a Complaint in this action and filed a request to proceed *in forma pauperis* on July 9, 2021. Dkt. Nos. 1 & 2. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The substance of Plaintiff's present Complaint is very similar to previous actions he has brought against the United States Government, 1:20-CV-207 and 1:20-CV-409, which have now been dismissed.

In the present Complaint, Plaintiff, who currently resides in India, alleges that he lived in the United States from 2000 through 2016, working for various employers in various locations. Dkt. No. 1, Compl., p. 2.  He alleges that Defendant has been targeting him with radiation and electric currents, and has been brainwashing him and using mind control techniques on him. *Id.* at pp. 2-3.  Among other things, Plaintiff alleges that he has been stalked, that his phone lines have been tapped, and that Defendant involved Plaintiff in money transfer scams and caused him to submit fraudulent applications to

3

various U.S. government benefit programs. *Id.* at pp. 2-7. Plaintiff alleges that the stalking and torture caused him to become disabled and to quit his employment and return to India. *Id.* at p. 5. Plaintiff further alleges that Defendant has been collaborating with Indian authorities to prevent him from obtaining employment in India, and intentionally disapproved Plaintiff's immigration documents without giving any reason. *Id.* at pp. 3 & 6. Plaintiff alleges that the above has caused him to develop a number of health issues, to be demoted, to lose employment multiple times, and to lose immigration status. *Id.* at pp. 5-7.

### C. Analysis of Plaintiff's Claims

Plaintiff's claims cannot be maintained because the Department of Homeland Security is immune from suit as an agency of the United States based on the general principle that "the doctrine of sovereign immunity 'shields the Federal Government and its agencies from suit,' and divests the court of subject matter jurisdiction over claims brought against them." *Rishar v. U.S. Gov.*, 2015 WL 5642918, at *2 (D. Vt. Sept. 23, 2015) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)); *see also Williams v. Immigration and Naturalization*, 2020 WL 9264850, at *3 (N.D.N.Y. Sept. 25, 2020). "Well-established principles of sovereign immunity bar suit against the United States unless it consents to be sued, the existence of such consent being a prerequisite for jurisdiction." *Pietrangelo v. U.S. Dist. Court Vermont*, 223 Fed. Appx. 20, 21 (2d Cir. 2007) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "In any suit in which

the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity. The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction." *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). "Consent to suit 'must be unequivocally expressed in statutory text, and cannot simply be implied.'" *Pietrangelo v. U.S. Dist. Court Vermont*, 223 Fed. Appx. at 21 (quoting *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004)). Plaintiff makes no contention that any waiver of this immunity applies to the allegations set forth in the Complaint.

While the Federal Tort Claims Act ("FTCA") provides a limited waiver of immunity from suit for tort claims, the Department of Homeland Security, as an agency of the United States, is not a proper party for an FTCA suit, the only proper party for which is the United States. *McCracken v. Brookhaven Science Assocs. LLC*, 376 Fed. Appx. 138, 140 (2d Cir. 2010) (summary order) ("[T]he federal defendants were properly dismissed for lack of subject matter jurisdiction, because the agencies were not subject to suit under the Federal Tort Claims Act"); *Page v. Oath Inc.*, 2018 WL 1406622, at *3 (S.D.N.Y. Mar. 20, 2018) ("A federal agency is not a proper defendant under the FTCA; only the United States can be sued for claims within the law's scope."). Even if the Complaint were against the proper party for an FTCA action, the Complaint fails to allege compliance with the FTCA's exhaustion requirements. *See Hill v. United States*, 2019 WL 5694016, at *5 (E.D.N.Y. Aug. 6, 2019); *In re Agent Orange Prod. Liab. Litig.*, 818

5

F.2d 210, 214 (2d Cir. 1987) ("The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements."). "Accordingly, even if a pro se plaintiff's complaint can be liberally construed to state a claim under the FTCA . . . the court does not have subject matter jurisdiction over the FTCA claim if [the] plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action." *Moore v. Samuel S. Stratton Veterans Admin. Hosp.*, 2019 WL 251725, at *3 (N.D.N.Y. Jan. 17, 2019) (internal quotations omitted).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Where, however, the grounds for dismissal offer no basis for curing the defects in the pleading, leave to amend would be futile. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). When the basis for dismissal is a defendant's entitlement to immunity, for example, the pleading defects are "substantive rather than formal and [] leave to amend would be futile." *Jackson v. Pfau*, 523 Fed. Appx. 736, 737 (2d Cir. 2013). The defects outlined above

cannot be cured with better pleading. As such, the Court recommends that Plaintiff's Complaint be dismissed with prejudice.[1]

## II.  PLAINTIFF'S REMAINING REQUESTS

Plaintiff has also submitted a request to participate in electronic filing. Dkt. No. 3. At this time, because the Court is recommending that Plaintiff's Complaint be dismissed, Plaintiff's Motion is denied. *See Amato v. McGinty*, 2017 WL 9487185, at *11 (N.D.N.Y. June 6, 2017), *report and recommendation adopted*, 2017 WL 4083575 (N.D.N.Y. Sept. 15, 2017).

Finally, Plaintiff has submitted a Motion Requesting Emergency Funds, requesting that the Court arrange for or pay Plaintiff for Plaintiff's urgent family and medical expenses. Dkt. No. 4. In light of the Court's recommendation that this action be dismissed, and the Court's inability to provide Plaintiff the relief he seeks, this request is denied.

## III.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** with prejudice; and it is

**ORDERED**, that Plaintiff's Motion to Participate in Electronic Filing (Dkt. No. 3) is **DENIED**; and it is further

---

[1] Plaintiff's Motion Requesting Expedite[d] Hearing, Dkt. No. 5, which seeks an expedited hearing on his Complaint, is denied as moot, as review of his Complaint is now being undertaken.

**ORDERED**, that Plaintiff's Motion Requesting Emergency Funds (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 23, 2021
      Albany, New York

*[signature]*
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).