UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MOHAMMED SAYEED MAHMOOD,

                        **Plaintiff,**

  vs.
                                                                        1:21-CV-782
                                                                         (MAD/DJS)

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

                        **Defendant.**
_____

APPEARANCES:                                             OF COUNSEL:

**MOHAMMED SAYEED MAHMOOD**
9-4-86/89, Flat #201
Khan Tower
Salarjung Colony
Hyderabad, Telangana 500008, India
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff *pro se* Mohammed Sayeed Mahmood ("Plaintiff") commenced this action on July 9, 2021, against the United States Department of Homeland Security asserting the following claims: (1) intentional tort; (2) stalking; (3) electronic surveillance; (4) invasion of privacy; (5) pain and suffering; (6) hostile work environment; (7) defamation; (8) discrimination; (9) harassment; (10) demotion; (11) reduction of job responsibilities; (12) lost wages; (13) violation of employment rights; and (14) violation of immigration rights. *See* Dkt. No. 1. Plaintiff also submitted a motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

      In a Report-Recommendation and Order dated July 23, 2021, Magistrate Judge Stewart

1

conducted an initial review of the complaint and recommended that this action be dismissed with prejudice.  *See* Dkt. No. 9.  Specifically, Magistrate Judge Stewart found that Plaintiff's claims, which are brought against the United States Department of Homeland Security, are subject to dismissal on the grounds of sovereign immunity.  *See id.* at 4-7.  Neither party has objected to Magistrate Judge Stewart's Report-Recommendation and Order.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) ... the court shall dismiss the case at any time if the court determines that - ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept,

reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff's complaint must be dismissed with prejudice. "Well-established principles of sovereign immunity bar suit against the United States unless it consents to be sued, the existence of such consent being a prerequisite for jurisdiction." *Pietrangelo v. U.S. Dist. Court Vermont*, 223 Fed. Appx. 20, 21 (2d Cir. 2007) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). In this case, "Plaintiff makes no contention that any waiver of this immunity applies to the allegations set forth in the Complaint." Dkt. No. 9 at 5.

Moreover, although the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity from suit for tort claims against the United States, the Department of Homeland Security, as an agency of the United States, is not a proper party for an FTCA suit. Rather, the only proper party in a suit brought under the FTCA is the United States. *McCracken v. Brookhaven Science Assocs. LLC*, 376 Fed. Appx. 138, 140 (2d Cir. 2010) ("[T]he federal defendants were properly dismissed for lack of subject matter jurisdiction, because the agencies were not subject to suit under the Federal Tort Claims Act"); *Page v. Oath Inc.*, No. 17 Civ. 6990, 2018 WL 1406622, *3 (S.D.N.Y. Mar. 20, 2018) ("A federal agency is not a proper defendant under the FTCA; only the United States can be sued for claims within the law's scope") (citations omitted). Furthermore, the FTCA has strict exhaustion requirements, and the burden is on the plaintiff to both plead and prove compliance with those requirements. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). Even if the complaint was against the proper party for an FTCA action, the complaint neither mentions the FTCA nor alleges compliance with its exhaustion requirements. *See Pope v. Geo Grp.*, No. 18-CV-6900, 2019 WL

79426, *3 (E.D.N.Y. Jan. 2, 2019) ("Accordingly, even if a *pro se* 'plaintiff's complaint can be liberally construed to state a claim under the FTCA … the court does not have subject matter jurisdiction over' the FTCA claim if [the] 'plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action'") (quoting *Diaz v. MDC Detention Ctr.*, No. 17-CV-3728, 2018 WL 472810, *2 (E.D.N.Y. Jan. 17, 2018)).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's July 23, 2021 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 1, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge